19836

The STATE, Respondent, v. Miles WIGGINS, Appellant.

(205 S. E. (2d) 833)

518

*Messrs. Wheeler M. Tillman* and *Richard J. Paul,* of Charleston Heights, *for Appellant,*

*Messrs. Robert B. Wallace, Sol.,* and *Capers G. Barr, III, Asst. Sol.,* of Charleston, *for Respondent,*

June 6, 1974.

LEWIS, Justice:

Appellant, Wiggins, and a codefendant, Owens, were jointly indicted and tried in the County Court for Charleston County for an alleged assault and battery of a high and aggravated nature upon one David Hart. The jury returned a verdict of guilty as to both defendants. Only Wiggins has appealed, alleging, among other grounds for a new trial, that the trial judge erred in refusing his request that simple assault and battery be submitted to the jury as a lesser included offense. Our conclusion that the trial judge erred in refusing such request renders it unnecessary to consider other questions.

The charge against appellant arose out of his involvement in an altercation between his friend and codefendant Owens and the prosecuting witness Hart. Appellant testified that he was seated nearby in an automobile when a fight developed between Owens and Hart; and that he became involved only to protect his friend Owens who had been knocked to the ground and was being beaten by Hart.

It is undisputed that appellant never struck the prosecuting witness and that the latter's injuries were inflicted by the codefendant. In fact, the prosecuting witness testified that his direct physical contact with appellant was slight. The State's case against appellant was based upon the contention that he was present, aiding and abetting his codefendant, and acting in concert with him when the codefendant inflicted the aggravated injury upon the prosecuting

witness. Appellant, while denying his guilt, concedes that there was some testimony to sustain the State's position; but contends that there was also testimony from which the jury could have concluded that he was guilty of only simple assault and battery, and that such issue should have been submitted for the jury's consideration. We agree.

The testimony concerning appellant's intent in becoming involved in the altercation is in dispute. It is inferable from the record, however, that after the difficulty between the co-defendant and the prosecuting witness began, appellant became involved only in an effort to protect his codefendant and remove him to safety; and that in doing so, any physical contact with the prosecuting witness was slight and without any intent to do him bodily harm. These circumstances required that the trial judge also submit to the jury the issue as to appellant's guilt of the lesser offense of simple assault and battery. The failure to do so requires that a new trial be granted.

The judgment is accordingly reversed and the cause remanded for a new trial.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.